Opinion issued July 13, 2006












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00553-CV




HARRY WILLIAMS, Appellant

V.

WILLIAM H. NEALON, M.D. AND ERIC M. WALSER, M.D., Appellees




On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 04CV0694




O P I N I O N

          Appellant, Harry Williams, brought a medical malpractice claim against
appellees, William H. Nealon, M.D. and Eric M. Walser, M.D., both doctors at the
University of Texas Medical Branch at Galveston (UTMB). The doctors filed a
motion to dismiss, pursuant to section 101.106(f) of the Texas Civil Practice and
Remedies Code, which the trial court granted. In this appeal, we consider whether
the doctors sufficiently proved that they were entitled to dismissal under the statute. 
We reverse and remand.
BACKGROUND
          Williams had his gall bladder removed by his treating physician in Dallas. 
After he moved to Galveston, his Dallas physician recommended one additional
follow-up visit to conduct an endoscopic retrograde cholangiopancreatography
(ERCP).


 On April 16, 2002, Williams went to UTMB at Galveston to seek the
follow-up procedure that his Dallas physician had recommended. From there,
Williams was sent to the 4 C’s clinic for a referral before UTMB would perform the
ERCP.
          At the 4 C’s clinic, Williams was seen by Dr. Angela Champion, who ordered
an ostomy procedure and referred Williams to UTMB’s department of General
Surgery.
          At UTMB, Williams was seen by Dr. Nealon. Williams told Nealon about the
directions that he had been given by his Dallas physician. However, Nealon refused
to perform the ERCP that Williams’s Dallas physician had recommended. Instead,
Nealon ordered a percutaneous transhepatic cholangiogram (PTCA).


 The PTCA was
performed by Drs. Nealon and Walser. After the procedure, Williams complained of
increasing abdominal pain. He was given a diagnostic scan and then transferred to
intensive care for treatment of acute pancreatitis. Dr. Nealon later informed Williams
that his pancreas had been “hit” during the procedure and that it had reacted violently. 
          Williams filed suit against Drs. Nealon and Walser, alleging that “Defendants
violated the duty owed to Plaintiff to exercise the ordinary care and diligence
exercised by other physicians and/or health care providers in the same or similar
circumstances in connection with the subject treatment and was [sic] negligent.” 
Williams’s petition also alleged that “ . . . Nealon and Walser were within the course
and scope of their employment with the University of Texas Medical Branch at
Galveston.”
          Nealon and Walser filed a joint motion to dismiss, based section 101.106(f) of
the Texas Civil Practice and Remedies Code, which the trial court granted. Williams
then filed this appeal.
 
PROPRIETY OF DISMISSAL
          In two issues on appeal, Williams contends that the trial court erred in granting
the doctors’ motion for dismissal because section 101.106(f): (1) violates the open
courts provision of the Texas Constitution, and (2) does not mandate the dismissal of
his common-law medical malpractice case against the doctors. Because we find
Williams’s second issue on appeal to be dispositive, we address it first.
Standard of Review
          The proper standard of review for a motion to dismiss is abuse of discretion.
Bowers v. Matula, 943 S.W.2d 536, 538 (Tex. App.—Houston [1st Dist.] 1997, no
writ). In determining whether a trial court abused its discretion, we must determine
whether the trial court acted with reference to guiding rules and principles or whether
the trial court’s actions were arbitrary and unreasonable. See Miller v. Gann, 822
S.W.2d 283, 286 (Tex. App.—Houston [1st Dist.] 1991), writ denied, 842 S.W.2d
641 (Tex. 1992). In addition, if the ruling is contrary to the case law, it is an abuse
of discretion. See Baywood Country Club v. Estep, 929 S.W.2d 532, 535 (Tex.
App.—Houston [1st Dist.] 1996, writ denied). The scope of review is limited to those
arguments raised in the motion to dismiss. Brown v. Aetna Cas. & Sur. Co., 145
S.W.2d 171, 174 (1940).
Section 101.106 of the Texas Tort Claims Act
          Section 101.106 of the Texas Civil Practice and Remedies Code is part of the
Texas Tort Claims Act and is entitled “Election of Remedies.” See Tex. Civ. Prac.
& Rem. Code Ann. § 101.106 (Vernon 2005). The purpose of section 101.106 is to
force a plaintiff to choose whether he will seek to impose tort liability on a
governmental unit or on governmental employees, individually. Waxahachi Indep.
Sch. Dist. v. Johnson, 181 S.W.3d 781, 785 (Tex. App.—Waco 2005, pet. filed). 
Once such an election is made, it is irrevocable. Id.
          Section 101.106 provides in part:
(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and
forever bars any suit or recovery by the plaintiff against any individual
employee of the governmental unit regarding the same subject matter. 
 
(b) The filing of a suit against any employee of a governmental unit
constitutes an irrevocable election by the plaintiff and immediately and
forever bars any suit or recovery by the plaintiff against the
governmental unit regarding the same subject matter unless the
governmental unit consents. 
 
. . . .
 
(e) If a suit is filed under this chapter against both a governmental unit
and any of its employees, the employees shall immediately be dismissed
on the filing of a motion by the governmental unit. 
 
(f) If a suit is filed against an employee of a governmental unit based on
conduct within the general scope of that employee’s employment and if
it could have been brought under this chapter against the governmental
unit, the suit is considered to be against the employee in the employee’s
official capacity only. On the employee’s motion, the suit against the
employee shall be dismissed unless the plaintiff files amended pleadings
dismissing the employee and naming the governmental unit as defendant
on or before the 30th day after the date the motion is filed. 

Tex. Civ. Prac. & Rem. Code § 101.106(a), (b), (e), (f).
          In this case, Williams sued only the doctors—he did not name UTMB as a
defendant. Therefore, we look to subsection (f) of section 101.106 to determine
whether dismissal of the suit against the doctors was appropriate.
Suit Brought against Defendants in Official or Individual Capacities?
          In their motion, the doctors point out that Williams’s petition alleged that the
doctors “were within the course and scope of their employment with the University
of Texas Medical Branch at Galveston.” In support of their motion, the doctors
provide affidavits that state: “All of my interaction with the patient, Harry Williams,
was within the scope of my employment with UTMB.” In sum, the doctors argue that
they are entitled to a dismissal because Williams sued them in their official capacity,
that such a suit is actually a suit against the State, and that, even though given the
opportunity, Williams did not amend his petition to dismiss the claims against them
and name UTMB as a defendant. 
          Williams, however, argues that he did not sue the doctors in their official
capacities. Instead, he argues that he sued the doctors in their individual capacities,
and that he is seeking to recover damages from the doctors, not UTMB, on a
common-law malpractice cause of action.


 
          To determine whether Williams’s suit is against the doctors in their official
capacities or in their individual capacities we need look no further than the language
of section 101.106(f), which provides that “[i]f a suit is filed against an employee of
a governmental unit based on conduct within the general scope of that employee’s
employment and if it could have been brought under this chapter against the
governmental unit, the suit is considered to be against the employee in the
employee’s official capacity only.” Tex. Civ. Prac. & Rem. Code § 101.106(f)
(emphasis added) .
          Therefore, to be entitled to a dismissal under section 101.106(f) a defendant
must show that the plaintiff’s suit (1) was based on conduct within the general scope
of the defendant’s employment with a governmental unit and (2) could have been
brought under the Texas Tort Claims Act against that governmental unit. Phillips v.
Dafonte, 187 S.W.3d 669, 675 (Tex. App.—Houston [14th Dist.] 2006, no pet.).
          It is undisputed that the doctors meet the first requirement of section
101.106(f). Both doctors submitted affidavits testifying that their treatment of
Williams was undertaken in the course of their employment with UTMB. Indeed,
Williams’s petition acknowledges that the doctors were acting within the “course and
scope” of their employment with UTMB.
          However, the doctors’ motion to dismiss makes no showing of section
101.106(f)’s second requirement—that Williams’s claims could have been brought
against UTMB under the Texas Tort Claims Act.
          The Tort Claims Act waives sovereign immunity in three areas: (1) injury
caused by an employee’s use of a motor-driven vehicle; (2) injury caused by a
condition or use of tangible personal or real property; and (3) injury caused by a
premise defect. See Tex. Civ. Prac. & Rem. Code §§ 101.021–.022(a) (Vernon
2005 & Supp. 2005), County of Cameron v. Brown, 80 S.W.3d 549, 554 (Tex. 2002).
          In his petition, Williams alleges that “Defendants violated the duty owed to
Plaintiff to exercise the ordinary care and diligence exercised by other physicians
and/or health care providers in the same or similar circumstances in connection with
the subject treatment and was [sic] negligent.” Such a claim is, quite simply, a claim
of medical negligence and is not encompassed by the Texas Tort Claim Act’s limited
waiver of sovereign immunity.
          Because medical negligence is the basis for Williams’s claims against the
doctors, the doctors cannot meet the second requirement of section 101.106(f). That
is, the doctors have not shown that Williams’s claims could have been brought
against UTMB under the Texas Tort Claims Act.
          We note that our sister court of appeals recently considered this same issue in
Phillips v. Dafonte, 187 S.W.3d at 669. In Phillips, the plaintiff filed suit against two
doctors at UTMB alleging that they failed to tell her that a biopsy they had performed
revealed an early form of breast cancer. Id. at 671–72. The doctors filed a motion to
dismiss based on section 101.106(f). The trial court denied the motion, and the
doctors brought an interlocutory appeal. Id. at 672. The Fourteenth Court of Appeals
held that, even though the doctors were acting within the scope of their employment
with UTMB, they were not entitled to dismissal under section 101.106(f) because
they did not show that the plaintiff’s claim—negligent failure to communicate a
medical diagnosis—could have been brought against UTMB under the Texas Tort
Claims Act. Id. at 676–77. For the reasons given above, we agree with the holding
in Phillips and conclude that the doctors in this case are, likewise, not entitled to a
dismissal of the claims against them.
CONCLUSION
          Because the doctors in this case did not show that Williams’s medical
negligence claims could have been brought against UTMB under the Texas Tort
Claims Act, the trial court abused its discretion in concluding that Williams’s claims
were against the doctors in their official capacities and in dismissing his claims
against the doctors pursuant to section 101.106(f).
 
 
 
 
 
          Accordingly, we reverse the judgment of the trial court and remand the case for
further proceedings.
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Taft and Nuchia.