NUMBER 13-06-084-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 



TEXAS DEPARTMENT OF AGRICULTURE, Appellant,


v.
 


MARIA CALDERON AND ROSA NARANJO, Appellees.

 


 

On appeal from the 148th District Court 


of Nueces County, Texas.


 



O P I N I O N



Before Justices Yañez, Rodriguez, and Garza


Opinion by Justice Rodriguez



 Appellant, the Texas Department of Agriculture (the TDA), brings this
accelerated interlocutory appeal following the trial court's denial of its plea to the
jurisdiction. (1) By its sole issue, the TDA asserts that the trial court erred in denying its
plea to the jurisdiction because the application of sections 101.106(b) and 101.106(f)
of the Texas Tort Claims Act (the Act) to the facts of this case resulted in the TDA's
immunity from suit. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.106(b), (f) (Vernon
2005). We reverse and render. 

I. Background

 Appellees, Maria Calderon and Rosa Naranjo, originally filed the underlying suit
against Cruz Maria Daniel, a TDA employee, alleging that Daniel's negligence caused
the TDA vehicle she was driving to collide with a vehicle which was driven by appellee
Calderon and in which appellee Naranjo was a passenger. On April 22, 2004, Daniel
filed a motion to dismiss pursuant to section 101.106(f) of the Act. See id. §
101.106(f). The trial court granted Daniel's motion to dismiss on May 11, 2004. On
June 2, 2004, appellees filed a motion to reinstate/motion for new trial requesting that
they "be given their full (30) days to amend their petition as provided by Texas Civil
Practice[] and Remedies Code § 101.106(f)." See id. The trial court granted
appellees' motion on June 11, 2004 and reinstated the case on the court's docket. 
On June 18, 2004, appellees filed their first amended petition, naming both Daniel and
the TDA as defendants. On September 13, 2004, Daniel filed a second motion to
dismiss pursuant to section 101.106(f), which the trial court granted on September
29, 2004. On April 15, 2005, appellees filed a second amended petition, naming only
the TDA as a defendant. In response, the TDA filed a plea to the jurisdiction, which
the trial court denied. (2) This appeal ensued. 

II. Plea to the Jurisdiction

 By its sole issue, the TDA contends the trial court erred in denying its plea to
the jurisdiction because it became immune from suit under section 101.106(b) of the
Act when appellees irrevocably elected to sue Daniel instead of suing the TDA, itself,
and because it retained its immunity from suit under section 101.106(f) when
appellees failed to dismiss Daniel from the lawsuit and substitute the TDA in her place. 
See id. §§ 101.106(b), (f).

A. Standard of Review

 A plea to the jurisdiction is a dilatory plea, the purpose of which is to "defeat
a cause of action without regard to whether the claims asserted have merit." Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the
trial court's jurisdiction over the subject matter of a pleaded cause of action. Tex.
Parks & Wildlife Dep't v. Morris, 129 S.W.3d 804, 807 (Tex. App.-Corpus Christi
2004, no pet.). Whether a trial court has subject matter jurisdiction is a question of
law. Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004);
Morris, 129 S.W.3d at 807. Therefore, we review a trial court's ruling on a plea to
the jurisdiction de novo. Miranda, 133 S.W.3d at 226; Morris, 129 S.W.3d at 807. 

B. Applicable Law

 The doctrine of sovereign immunity deprives a trial court of subject matter
jurisdiction over lawsuits in which the State or certain governmental units, such as the
TDA, have been sued. See Miranda, 133 S.W.3d at 224 (citations omitted). The Act,
however, provides a limited waiver of a governmental unit's sovereign immunity. See
id.; see also Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.025(a) (Vernon
2005). Specifically, the Act waives a governmental unit's sovereign immunity for
property damage and personal injury proximately caused by the wrongful act or
omission or the negligence of an employee acting within the scope of her employment
if (1) the damage or injury arises from the operation or use of a motor-driven vehicle
and (2) the employee would be personally liable to the plaintiff according to Texas law. 
Tex. Civ. Prac. & Rem. Code Ann. § 101.021.

C. Analysis

 Appellees initially elected to file suit against Daniel based on damages allegedly
caused by her negligent driving of a TDA vehicle. As a result of appellees' election to
file suit against Daniel, section 101.106(b) of the Act became operative. See id. §
101.106(b). In addition, on Daniel's first motion to dismiss, section 101.106(f) was
invoked. See id. § 101.106(f). The question before this Court then is two-fold: (1)
whether section 101.106(b) conferred immunity from suit on the TDA; and (2) what
effect section 101.106(f) had in relation to section 101.106(b) under the facts of this
case. We begin our analysis with an examination of section 101.106(b). 

1. Section 101.106(b)

 Section 101.106(b) provides that "the filing of a suit against any employee of
a governmental unit constitutes an irrevocable election by the plaintiff and immediately
and forever bars any suit or recovery by the plaintiff against the governmental unit
regarding the same subject matter . . . ." Id. § 101.106(b). Thus, when appellees
filed suit against Daniel, they made an irrevocable election that immediately and
forever barred any suit by appellees against the TDA regarding the same subject
matter. See id.; Waxahachie Indep. Sch. Dist. v. Johnson, 181 S.W.3d 781, 785
(Tex. App.-Waco 2005, pet. filed). Because section 101.106(b) forever bars any suit
by appellees against the TDA regarding the same subject matter, the TDA asserts that
it became immune from suit under section 101.106(b). We agree.

 Although section 101.106(b) does not utilize the word "immunity," we
nevertheless conclude that it is an immunity statute. In reaching this conclusion, we
are guided by the supreme court's holding in Newman v. Obersteller, 960 S.W.2d 621,
622 (Tex. 1997). In Newman, the supreme court analyzed the previous version of
section 101.106, which provided that "a judgment in an action against a governmental
unit bars any action against an employee." Id. (citations omitted). In examining the
statute in the context of the Act, the supreme court noted that the Act operates as "a
waiver of governmental immunity by the state for certain actions." Id. The supreme
court then concluded that the Legislature, through section 101.106, had provided for
an exception to the Act's waiver of governmental immunity. See id. As a result, the
supreme court held that even though the word "immunity" did not appear in the prior
version of section 101.106, the "bars any action" language that did appear in section
101.106 operated as an unequivocal grant of immunity to a governmental employee. 
Id. 

 Similarly, we conclude that the "bars any suit" language utilized by the
Legislature in the current version of section 101.106(b) operates as an unequivocal
grant of immunity from suit to a governmental unit. See Tex. Civ. Prac. & Rem. Code
Ann. § 101.106(b); cf. Newman, 960 S.W.2d at 622. Generally, a governmental unit,
such as the TDA, is immune from suit under the doctrine of sovereign immunity. See
Miranda, 133 S.W.3d at 224. The Act, however, provides a limited waiver of a
governmental unit's sovereign immunity, allowing a governmental unit to be sued in
certain circumstances. See id.; Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021,
101.025(a). Nevertheless, we conclude that the Legislature, through section
101.106(b), created an exception to the Act's limited waiver of governmental
immunity by barring a plaintiff from suing a governmental unit whose employee has
been sued instead regarding the same subject matter. See Tex. Civ. Prac. & Rem.
Code Ann. § 101.106(b); cf. Newman, 960 S.W.2d at 622. This exception to the
Act's waiver of governmental immunity results in the governmental unit's retention of
its immunity from suit under the doctrine of sovereign immunity. Thus, once appellees
filed suit against Daniel instead of against the TDA and section 101.106(b) became
operative, the TDA became immune from suit. 

2. Section 101.106(f)

 Having answered the first part of the two-part question in the affirmative, we
next examine section 101.106(f) to determine what effect it had with respect to the
TDA's immunity derived from section 101.106(b). Section 101.106(f) provides the
following:

 If a suit is filed against an employee of a governmental unit based on
conduct within the general scope of that employee's employment and if
it could have been brought under this chapter against the governmental
unit, the suit is considered to be against the employee in the employee's
official capacity only. On the employee's motion, the suit against the
employee shall be dismissed unless the plaintiff files amended pleadings
dismissing the employee and naming the governmental unit as defendant
on or before the 30th day after the date the motion is filed.


Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f).


 In effect, section 101.106(f) confers immunity on a sued employee based on
her motion to dismiss if her alleged conduct occurred in the scope of her employment
and if the suit could have been brought against the governmental unit under the Act. (3)
See id.; Phillips v. Dafonte, 187 S.W.3d 669, 673 (Tex. App.-Houston [14th Dist.]
2006, no pet.). In addition, by requiring a plaintiff to substitute the governmental unit
as the defendant in place of the employee in order to maintain the lawsuit, section
101.106(f) has a second potential effect - that of removing a governmental unit's
immunity derived from section 101.106(b). See Tex. Civ. Prac. & Rem. Code Ann. §§
101.106(b), (f); cf. Phillips, 187 S.W.3d at 673 (providing that section 101.106(f)
requires either the substitution of the governmental entity for the employee or the
dismissal of the plaintiff's suit). Thus, although section 101.106(f) conferred
immunity on Daniel based on her motion to dismiss, it also had the potential to remove
the TDA's immunity from suit derived from section 101.106(b). See Tex. Civ. Prac.
& Rem. Code Ann. §§ 101.106(b), (f). 

 In order for a governmental unit's immunity under section 101.106(b) to be
removed by section 101.106(f), however, the plaintiff must comply with the
procedural requirements of section 101.106(f). See id. §§ 101.106(b), (f). Thus, the
plaintiff must file an amended pleading that both dismisses the employee and
substitutes the governmental unit as the defendant within thirty days of the
employee's motion to dismiss. Id. § 101.106(f). If the plaintiff timely files such an
amended pleading, the governmental unit's immunity from suit derived from section
101.106(b) is removed, and the suit may proceed against the governmental unit alone. 
See id. §§ 101.106(b), (f). If however, the plaintiff fails to timely file such an
amended pleading, section 101.106(f) requires that the suit against the employee be
dismissed by the trial court. Id. § 101.106(f). In that event, the governmental unit
retains its immunity from suit derived from section 101.106(b), and the plaintiff loses
the opportunity to name the governmental unit in place of the employee as the
defendant in the lawsuit. See id. §§ 101.106(b), (f).

 On April 22, 2004, Daniel filed her first motion to dismiss pursuant to section
101.106(f). (4) See id. § 101.106(f). As a result, appellees had thirty days from the
date of Daniel's motion to file an amended petition that both dismissed Daniel from the
lawsuit and substituted the TDA as the defendant. Id. We assume, without deciding,
that appellees timely filed their first amended petition. However, instead of dismissing
Daniel and substituting the TDA as the defendant in the suit, appellees named both
Daniel and the TDA as defendants in their first amended petition. Because appellees
failed to dismiss Daniel from the suit in their first amended petition, appellees failed to
comply with the procedural requirements of section 101.106(f). See id. As a result,
section 101.106(f) mandated that the trial court dismiss the suit against Daniel, which
it did on September 29, 2004. (5) See id.; cf. Phillips, 187 S.W.3d at 673. 
Furthermore, because of appellees' failure to comply with section 101.106(f), the TDA
retained its immunity from suit derived from section 101.106(b), and appellees lost the
opportunity provided by section 101.106(f) to name the TDA in place of Daniel as the
defendant in the lawsuit. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.106(b), (f). 
 Thus, when appellees filed their second amended petition on April 15, 2005,
naming the TDA as the only defendant, nearly a year after Daniel's first motion to
dismiss and more than six months after the trial court dismissed the suit against Daniel
pursuant to section 101.106(f), the TDA was immune from suit based on section
101.106(b) and appellees' failure to comply with the procedural requirements of
section 101.106(f). See id. §§ 101.106(b), (f). As a result of the TDA's immunity
from suit, the trial court lacked subject matter jurisdiction over appellees' suit against
the TDA. See Miranda, 133 S.W.3d at 224 (providing that sovereign immunity
deprives a trial court of subject matter jurisdiction over lawsuits in which the State or
certain governmental units have been sued).

 Because the trial court lacked subject matter jurisdiction over appellees' suit
against the TDA, we conclude that the trial court erred in denying the TDA's plea to
the jurisdiction. Therefore, we sustain the TDA's sole issue. (6) 

III. Conclusion

 Accordingly, we reverse the trial court's denial of the TDA's plea to the
jurisdiction and render judgment dismissing appellees' claims against the TDA for lack
of subject matter jurisdiction. 


 NELDA V. RODRIGUEZ

 Justice


Opinion delivered and filed this 

26th day of April, 2007.

1. Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code authorizes a governmental
unit to appeal an interlocutory order that grants or denies a plea to the jurisdiction. Tex. Civ. Prac. &
Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2006). The TDA, being a department of the State,
qualifies as such a governmental unit. See id. § 101.001(3)(A) (Vernon 2005).
2. The TDA alternatively filed a motion for summary judgment on limitations and due diligence in
service of process grounds, which the trial court denied. On appeal, the TDA raises its limitations and
due diligence arguments as sub-issues. However, due to the interlocutory nature of the trial court's
denial of the TDA's motion for summary judgment, we do not have authority to address these sub-issues. See Novak v. Stevens, 596 S.W.2d 848, 849 (Tex. 1980) (providing that the denial of a motion
for summary judgment is interlocutory and that no appeal will lie therefrom). Therefore, our review is
limited to the TDA's assertions regarding its plea to the jurisdiction. 
3. We note that the parties to the appeal do not challenge whether Daniel was acting within the
scope of her employment with the TDA when the incident in question occurred or whether the suit could
have originally been brought against the TDA pursuant to the Act. Therefore, we assume, without
deciding, that the preliminary criteria of section 101.106(f) were satisfied. See Tex. Civ. Prac. & Rem.
Code Ann. § 101.106(f) (Vernon 2005).
4. Daniel filed two motions to dismiss pursuant to section 101.106(f). See id. The first motion
was filed on April 22, 2004, and the second motion was filed on September 13, 2004. Although both
parties address the effect of Daniel's first motion to dismiss, neither party addresses any potential effect
related to Daniel's second motion to dismiss. Thus, we will limit our analysis to the effect of Daniel's
first motion to dismiss on the facts of this case. 
5. Although the trial court did not dismiss the suit against Daniel until after Daniel filed her second
motion to dismiss pursuant to section 101.106(f), the parties do not challenge the timeliness of the
dismissal. See id. 
6. We note that appellees assert that they complied with section 101.106(f) by invoking section
101.106(e) when they filed their first amended petition naming both Daniel and the TDA as defendants. 
See id. §§ 101.106(e), (f). Relying on section 101.106(e), appellees specifically argue that because
Daniel's first motion to dismiss was pending when they filed their first amended petition naming both
Daniel and the TDA as defendants, the suit against Daniel was automatically dismissed. See id. §
101.106(e). They suggest that it was not necessary for them to dismiss Daniel in their first amended
petition because section 101.106(e) purportedly effectuated the dismissal necessary to comply with
section 101.106(f). See id. §§ 101.106(e), (f). Appellees' reliance on section 101.106(e), however,
is misplaced. See id. § 101.106(e).


 Section 101.106(e) provides that when both the governmental entity and the governmental
employee are originally named as defendants in a lawsuit, the trial court shall immediately dismiss the
employee on the filing of a motion by the governmental unit. See id. Here, appellees originally filed suit
against Daniel; they did not originally file suit against both Daniel and the TDA. Furthermore, the motion
to dismiss was filed by Daniel rather than by the TDA. As a result, section 101.106(e) is not implicated
under the facts of this case. See id. Therefore, we conclude that appellees' assertion is without merit.