**Enes KANLIC, M.D., Appellant,**

v.

**Shirley MEYER, Appellee.**

**No. 08–06–00292–CV.**

Court of Appeals of Texas,
El Paso.

July 26, 2007.

J. Scott Mann, Kemp Smith, LLP, El Paso, for appellant.

Jay L. Gueck, Dallas, for appellee.

Before McCLURE, J., CARR, J., and BARAJAS, C.J. (Ret.).

## OPINION

KENNETH R. CARR, Justice.

Appellant Enes Kanlic, M.D. ("Dr. Kanlic") appeals the trial court's denial of his

motion to dismiss pursuant to Texas Civil Practice and Remedies Code sections 101.106(a) and (f). Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellee Shirley Meyer ("Meyer") filed this medical malpractice action against Dr. Kanlic and Texas Tech University System in July of 2006, citing portions of chapter 74 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. §§ 74.001–.507 (entitled "Medical Liability"). Meyer alleged that, between May 20, 2000 and August 2004, Dr. Kanlic's negligent treatment of her hip fracture and subsequent complications caused her to suffer severe pain and disability. Meyer also alleged that, during her treatment, Dr. Kanlic was acting in the course and scope of his employment at Texas Tech. In Dr. Kanlic's original answer to the suit, he asserted a defense under "the election of remedies" language in Texas Civil Practice and Remedies Code section 101.106. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(f). Shortly thereafter, and before Texas Tech made an appearance, Meyer non-suited it as a defendant in the case.

Dr. Kanlic filed his motion to dismiss, pursuant to section 101.106(f), on August 28, 2006. Meyer argued in response that Dr. Kanlic was not entitled to dismissal under subsection (f), because he could not show that her cause of action could have been brought under chapter 101 of the Civil Practice and Remedies Code, known as the "Texas Tort Claims Act" (TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001–.109). *See Phillips v. Dafonte*, 187 S.W.3d 669, 675–76 (Tex.App.-Houston [14th Dist.] 2006, no pet.).

Dr. Kanlic then supplemented his motion, adding section 101.106(a) as an alternative ground for dismissal. Meyer again responded that Dr. Kanlic was not entitled to dismissal. She argued that, for the doctor to be entitled to dismissal under subsection (a), the suit had actually to have been brought under the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(a) ("The filing of a suit *under this chapter* against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter" (emphasis added)). Meyer further argued that, because Dr. Kanlic was being sued for his individual negligence, and not as an employee of Texas Tech University, he was not entitled to official immunity. A hearing on the doctor's motion was held October 2, 2006, and the trial court denied the motion fourteen days later.

Dr. Kanlic filed this interlocutory appeal, arguing that the trial court erred in denying his motion. Meyer responded by challenging this Court's jurisdiction to address the appeal and contending that the trial court was correct in denying the doctor's motion. We will address our jurisdiction over this interlocutory appeal, before we reach the merits of the motion. For the reasons that follow, we will affirm the trial court's order.

## DISCUSSION

■ Absent a statutory exception expressly providing for an interlocutory appeal, appeals may generally be taken only from final judgments. *See Thomas v. Long*, 207 S.W.3d 334, 338 (Tex.2006). Dr. Kanlic contends that jurisdiction for this interlocutory appeal is provided for in chapter 51 of the Texas Civil Practice and Remedies Code, which provides, in pertinent part:

(a) A person may appeal from an interlocutory order of a district court ... that:

. . .

(5) denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state....

Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(5).

Meyer argues that this Court does not have interlocutory jurisdiction under section 51.014(a)(5), because Dr. Kanlic did not raise the issue of immunity in the trial court. However, Meyer acknowledges that Dr. Kanlic's motion to dismiss was made pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 101.106. Section 101.106 is an immunity statute, because its effect, where applicable, is to make the defendant immune from further action in the case. *See Phillips,* 187 S.W.3d at 673 (citing *Newman v. Obersteller,* 960 S.W.2d 621, 622 (Tex.1997) (holding that the predecessor statute to section 101.106 was an immunity statute, and the court of appeals therefore erred by not exercising jurisdiction over the governmental employee's appeal)). Because Dr. Kanlic raised an immunity defense in the trial court, through his motion to dismiss under section 101.106, this Court has interlocutory jurisdiction to consider whether the trial court erred in denying his motion. *See Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004) ("If the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise, the Legislature has provided that an interlocutory appeal may be brought").

We now turn to Dr. Kanlic's argument that the trial court had a statutory duty to grant his motion to dismiss. Generally, we review a trial court's order on a motion to dismiss under an abuse of discretion standard. *American Transitional Care Ctrs., Inc. v. Palacios,* 46 S.W.3d 873, 877 (Tex.2001). However, the proper standard of review is not necessarily determined by the type of motion to which the trial court's order pertains, but rather by the substance of the issue to be reviewed. *See In re Doe,* 19 S.W.3d 249, 253 (Tex. 2000) (in order to determine the proper standard of review, "we must determine whether the [issue] is a question of fact or of law"); *see also Valley Baptist Med. Ctr. v. Stradley,* 210 S.W.3d 770, 773 (Tex.App.-Corpus Christi 2006, pet. filed) (while motions to dismiss are generally reviewed for an abuse of discretion, the issue of whether a claim was properly classified as a health care liability claim was a question of law and was therefore reviewed *de novo* ). Dr. Kanlic's motion raised an issue of official immunity under section 101.106 of the Texas Tort Claims Act. Immunity would deprive the trial court of subject matter jurisdiction over the case. *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex.2004). Subject matter jurisdiction is a legal issue, which we review *de novo. Id.* at 226.

Dr. Kanlic proffered two separate bases for immunity in his motion to dismiss, to wit, Civil Practice and Remedies Code sections 101.106(a) and (f). We shall address subsection (f) first.

### Section 101.106(f)

Section 101.106(f) provides:

If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is consid-

ered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(f).[1]

■ In order to be entitled to dismissal under section 101.106(f), Dr. Kanlic had to establish (1) that Meyer's suit was based on conduct within the general scope of his employment and (2) that the suit could have been brought against Texas Tech "under this chapter." *Phillips*, 187 S.W.3d at 675. The parties agree that Dr. Kanlic satisfied the first element, so they focus their arguments on the question of whether Meyer's lawsuit could have been brought against Texas Tech under the Texas Tort Claims Act,[2] *See id.* at 676.

■ The state and its subdivisions are generally immune from tort liability, unless the legislature has provided an express waiver of such immunity. *County of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex.2002). The legislature has provided three circumstances in which sovereign immunity is waived: (1) the use of publicly-owned vehicles; (2) premises defects; and (3) injuries caused by the condition or use of real or tangible property. *See* TEX. CIV.

PRAC. & REM.CODE ANN. § 101.021; *Brown*, 80 S.W.3d at 554. To determine whether Meyer's claim is one which falls "under this chapter," we must examine the pleadings. *See Miranda*, 133 S.W.3d at 229–30 (reviewing the claimant's pleadings to determine whether the claim was within an applicable waiver under the Tort Claims Act); *see also Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 639 (Tex.1999) (court of appeals erred by affirming the denial of the government's plea to the jurisdiction, without first determining whether the claimant's pleadings alleged a claim under the Texas Tort Claims Act).

Meyer's pleadings allege multiple instances where she claims that Dr. Kanlic either failed to treat or mistreated her hip problems, thereby causing her injury and pain. She alleged that Dr. Kanlic "failed to adequately and accurately diagnose her medical condition, and failed to promptly follow up in her treatment," which caused her further pain and medical expense. This misdiagnosis and mistreatment allegedly continued over several years and through several surgeries. In the conclusion of her factual statement, Meyer states:

> The action (and inaction) of Dr. Kanlic in failing to properly treat and follow up in the care of [Meyer] constitutes conduct that falls beneath the standard of care expected of a surgeon in his field, and care which Dr. Kanlic had a duty to provide to his patient. . . .

1. In her amended petition, Meyer did not dismiss Dr. Kanlic and name Texas Tech as defendant; to the contrary, she non-suited the school and continued solely against the doctor.

2. Meyer's original petition alleged that Dr. Kanlic was a Texas Tech employee, acting within the scope of his employment, when she received the treatment which is the basis of her complaint. The record also contains Dr. Kanlic's affidavit, which states that he was performing his regular duties as a faculty

surgeon when he treated Meyer. Because we do not believe that the Texas Tort Claims Act (chapter 101 of the Civil Practice and Remedies Code) provides a waiver of sovereign immunity under these facts, so that this case could not have been brought "under this chapter," there is no need to discuss whether Dr. Kanlic could meet the statutory definition of "employee." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(2) (defining "employee" for the purposes of chapter 101).

The primary focus of Meyer's pleadings is her allegation that Dr. Kanlic misdiagnosed and then mistreated her hip injury over a number of years. The claim is merely a medical negligence claim and is not based on the use or misuse of tangible personal property, which would bring it within the "use of tangible personal property" provision in the Texas Tort Claims Act.[3] *See Franka v. Velasquez,* 216 S.W.3d 409, 412 (Tex.App.-San Antonio 2006, pet. filed) (holding that a claim for medical negligence is not a claim encompassed by the Texas Tort Claims Act); *see also Williams v. Nealon,* 199 S.W.3d 462, 465 (Tex.App.-Houston [1st Dist.] 2006, pet. filed) (claim for medical negligence not encompassed by the Tort Claims Act's limited waiver of sovereign immunity).

After examining the pleadings and having determined this is not a claim for the negligent use of tangible personal property, we hold that Dr. Kanlic has not shown that this case was one that could have been brought under the Texas Tort Claims Act. He has therefore not satisfied the second element of section 101.106(f), and he did not have a right to dismissal upon that ground. *See Phillips,* 187 S.W.3d at 677; *Williams,* 199 S.W.3d at 466; *Franka,* 216 S.W.3d at 413; *Walkup v. Borchardt,* No.

07–06–0040–CV, 2006 WL 3455254, at *2 (Tex.App.-Amarillo Nov. 30, 2006, no pet.) (mem. op.) (not designated for publication).

### Section 101.106(a)

■ We now turn to Dr. Kanlic's argument that the trial court had a duty to grant his motion to dismiss under section 101.106(a). Pursuant to *Villasan v. O'Rourke,* 166 S.W.3d 752 (Tex.App.-Beaumont 2005, pet. filed), Dr. Kanlic argues that, whenever a plaintiff files suit against both a governmental unit and an individual employee, section 101.106(a) mandates that the employee be dismissed from the case.

Section 101.106(a) provides:

The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(a).

While we agree that the plain language of the statute allows a plaintiff only a single opportunity to choose which defendant to bring her claim against, it does not

---

**3.** Dr. Kanlic argues that Meyer has alleged a "use of tangible personal property claim," because her original petition accused him of the following: "(1) periodic insertion and subsequent removal of antibiotic beads; (2) insertion of internal fixation devices, the removal of such devices and, ultimately, a total hip replacement; (3) total hip arthoplasty done by Dr. Kanlic in 2000; (4) recurring dislocations following the total hip replacement by Dr. Kanlic; (5) placement of a supracondylar traction threaded pin by Dr. Kanlic; (6) improper use of antibiotic beads resulting in septic right hip; (7) infections due to orthopedic implants; and (8) dislocations partially caused by the acetabular cup inserted during a surgery performed by Dr. Kanlic." While it is undoubtedly true that Dr. Kanlic used a variety of medical tools and implements during the years when Meyer was his patient, that is true in virtually every medical negligence case. *See Kerrville State Hosp. v. Clark,* 923 S.W.2d 582, 585–86 (Tex.1996). As the Texas Supreme Court has stated, "There cannot be waiver of sovereign immunity in every case in which medical treatment is provided by a public facility." *Texas Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 588 (Tex. 2001) (quoting *Kerrville,* 923 S.W.2d at 585–86). Because the true substance of Meyer's pleadings is her complaint that Dr. Kanlic misdiagnosed and mistreated her condition, the fact that the pleadings also identify some of the items he used during that treatment does not affect our decision that this is not a claim for the negligent use of tangible personal property.

necessarily follow that the facts of this case dictate the same result as *O'Rourke*. The *O'Rourke* opinion focused on the plaintiffs' argument that, although their original petition had included the governmental entity as a defendant, their subsequent amendment rendered the governmental employee's right to dismissal under section 101.106(a) moot. *See O'Rourke*, 166 S.W.3d at 758–63. In short, the opinion focused on whether the plaintiffs could undo their election by amending their petition. The Beaumont court concluded, and we agree, that the clear intent of section 101.106 is to allow a plaintiff only one chance to choose whom to sue. *See id.* at 762–63.

However, according to the equally plain language of subsection (a), the suit must be brought "under this chapter," in order for the election provision to apply. The *O'Rourke* decision did not specify whether the plaintiffs' petition invoked any waiver of sovereign immunity under the Texas Tort Claims Act. The court does, however, refer to the plaintiffs as "TTCA claimants," [4] from which we infer that the petition alleged facts sufficient to invoke the Tort Claims Act. *See id.* at 759; *see also Miranda*, 133 S.W.3d at 230 (claimants' pleadings alleged sufficient facts to bring their claims under the Texas Tort Claims Act and noting that mere reference to the Texas Tort Claims Act does not establish the state's consent to suit).

In contrast to the "TTCA claimants" in *O'Rourke*, and as we have already discussed in reference to subsection (f), Meyer did not plead facts sufficient to invoke the Tort Claims Act, and she did not otherwise identify her claim as one brought under chapter 101. We therefore conclude that this suit was not "filed under this chapter" and did not invoke an election which would mandate that the trial court dismiss Dr. Kanlic as a defendant.[5]

As the trial court was not mandated to dismiss Dr. Kanlic under either of the grounds asserted in his motion to dismiss, we overrule his sole issue for review and affirm the trial court's order.

BARAJAS, C.J. (Ret.), sitting by assignment

---

4. "TTCA" is a commonly-recognized acronym for the Texas Tort Claims Act.

5. This result is consistent with other discussions of the "under this chapter" language in section 101.106. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e); *see also Meroney v. City of Colleyville*, 200 S.W.3d 707, 714 (Tex. App.-Fort Worth 2006, pet. granted, judgm't vacated) (holding intentional tort suit "that does not attempt" to characterize the claims as falling within the waiver provisions of the TTCA is not a suit "under this chapter"); *Lopez v. Williams*, No. 09–04–445–CV, 2006 WL 2789027, at *4 (Tex.App.-Beaumont Sept. 28, 2006, no pet.) (governmental employees were not entitled to dismissal under section 101.106(e), because damage claims could not have been "filed under" the TTCA). Note that, like *O'Rourke*, *Lopez* came from the Beaumont court, which cited *O'Rourke* with approval. *See id.*