Bertha FLORES, Appellant,

v.

Anne LAW, Appellee.

No. 01–99–00279–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 23, 1999.

Portia Fleck Bosse, Nelly R. Herrera, Austin, for appellant.

Gregory B. Enos, Houston, for appellee.

Panel consists of Chief Justice SCHNEIDER and Justices TAFT and PRICE.*

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

This is a dispute regarding the constitutionality of section 101.106 [1] of the Texas Tort Claims Act.[2] Appellant, Bertha Flores, brings an interlocutory appeal after an adverse ruling on her motion for summary judgment based on the affirmative defense of official immunity.[3] The only issue here is the constitutionality of a Tort Claims Act provision that bars claims against an employee after a judgment is rendered in the action giving rise to the claim. If constitutional, appellee, Anne Law, is barred from asserting her claims against Flores. We reverse and render.

### Facts and Procedural History

Law sued the University of Texas Health Science Center at Houston (UTHSC), and Flores, a UTHSC employee, for medical malpractice.[4] Law suffered

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 1997) (hereinafter referred to as "section 101.106").

2. TEX. CIV. PRAC. & REM.CODE ANN. § 101.002 (Vernon 1997).

3. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.2000) (authorizing an appeal from an interlocutory order that "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state").

4. Law also sued Baylor College of Medicine, the Harris County Hospital District, Angelina Chambers, Mary Ann Balerio and Laurie Ream. All were granted summary judgments, except Laurie Ream, who was nonsuited.

an ectopic pregnancy that was not diagnosed by Flores while Law was in the care of UTHSC. UTHSC was granted summary judgment, and the trial court granted its motion to sever, leaving Flores as the only remaining defendant.

After UTHSC was granted summary judgment, Flores filed a motion for summary judgment asserting Law was barred from continuing with her claims against Flores based on section 101.106, a provision which bars claims against an employee after a judgment has been rendered in the action giving rise to the claim. The trial court denied Flores's motion, and this appeal ensued.

## Standard of Review

■ To be entitled to summary judgment, the movant must establish there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *Enchanted Estates Community Ass'n, Inc. v. Timberlake Improvement Dist.*, 832 S.W.2d 800, 801 (Tex.App.—Houston [1st Dist.] 1992, no writ). If the movant's motion for summary judgment is based on an affirmative defense, the movant must establish all the elements of the affirmative defense. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984).

### Is Section 101.106 Constitutional?

Before we begin our analysis, we will eliminate matters not before this Court:

(1) Law concedes she has no cause of action against UTHSC based on sovereign immunity. *University of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex.1994).

(2) Both parties concede that, until summary judgment was granted in favor of UTHSC, Law could have pursued a cause of action for medical malpractice against Flores. *Thomas v. Oldham*, 895 S.W.2d 352, 355 (Tex.1995).

(3) Law concedes that under section 101.106, if a judgment was granted *against* UTHSC, Law would have no cause of action against Flores.

(4) As the only remaining issue, Law asks this Court to distinguish her case, because the summary judgment was granted *in favor* of UTHSC, and not *against* it.

Law contends section 101.106 is unconstitutional because it unreasonably restricts her ability to bring a common-law cause of action for medical negligence. Section 101.106 provides:

A judgment in an action or a settlement of a claim under this chapter *bars any action involving the same subject matter* by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (emphasis added).

■ Article I, section 13 of the Texas Constitution provides, in pertinent part, that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. When challenging a statute as unconstitutional on the basis that it restricts a common-law cause of action, the litigant must show: (1) that the statute restricts a well-recognized cause of action; and (2) that the restriction is unreasonable when balanced against the purpose of the statute. *Thomas*, 895 S.W.2d at 357. Law cannot meet the first requirement.

At common law, individuals had a recognized cause of action for medical negligence. *See Melendez v. Beal*, 683 S.W.2d 869, 872 (Tex.App.—Houston [1st Dist.] 1984, no writ). However, a cause of action for medical malpractice could not be asserted against a governmental entity operating a hospital. *See City of Dallas v. Smith*, 130 Tex. 225, 107 S.W.2d 872, 875 (1937, no writ). Such a suit was precluded under the doctrine of sovereign immunity

because operating a hospital was considered a government activity. *Id.*.

■■■ With the adoption of the Tort Claims Act, the State expanded a litigant's ability to assert medical malpractice claims against government hospitals and their employees by waiving its immunity in certain circumstances. *Edinburg Hosp. Auth. v. Trevino*, 941 S.W.2d 76, 78 (Tex. 1997). Thus, contrary to Law's position, the Tort Claims Act does not restrict, but, by waiving immunity in specified areas, it actually expands a common-law action for medical negligence.

Law argues that no Texas court has addressed the issue of whether section 101.106 violates the "open courts" provision of the Texas Constitution when a judgment is granted *in favor* of the governmental entity. Law argues section 101.106 keeps plaintiffs from suing state employees only if the plaintiff settles with or wins a judgment against the State. As such, Law contends it discourages suits against employees without taking away the plaintiff's right to recover. Law argues this rationale, however, does not apply when a judgment is granted in favor of the governmental entity because it "totally rob[s] the plaintiff of his or her right to recover anything for her injuries."

Several Texas appellate courts have applied section 101.106 when the judgment was in *favor* of an employer, and even when the judgment was not rendered on the merits. *Brand v. Savage*, 920 S.W.2d 672, 674 (Tex.App.—Houston [1st Dist.] 1995, no writ), *citing Cox v. Klug*, 855 S.W.2d 276, 280 (Tex.App.—Amarillo 1993, no writ) (holding summary judgment in favor of government hospital based on plaintiff's failure to comply with notice requirement also barred action against individual doctor); *Davis v. Mathis*, 846 S.W.2d 84, 88–89 (Tex.App.—Dallas 1992, no writ) ("Section 101.106 provides automatic derivative immunity for a governmental employee.").

In *Brand,* the plaintiff sued the City of El Lago, Taylor Lake Village, and a police officer. *Brand,* 920 S.W.2d at 672. The trial court granted summary judgment in favor of the city, village, and police officer, based on provisions of the Tort Claims Act, and the plaintiff appealed. *Id.* at 672–673. This Court held that because the appellant did not allege in her petition, nor raise in her response to the motion for summary judgment, any facts that would place her claim within the statutory exceptions to governmental immunity, the trial court properly granted summary judgment in favor of the city, village, and police officer. *Id.*

Moreover, this Court went so far as to state we "recognize the effect of the statute seems harsh; however as the Court noted in *Gibson,* '[a]lthough a plaintiff who pursues the statutory remedy against the government may lose his or her common law remedy against the employee, the plaintiff is not required to follow this course." *Id.* at 675 (citing *Gibson v. Spinks,* 895 S.W.2d 352, 357 (Tex.1995)). "The plaintiff 'may still opt to pursue the full common law remedy against the responsible employee, foregoing or postponing any attempt to recover from the government." *Id.* (citing *Gibson,* 895 S.W.2d at 357).

■■■ As noted, this Court has dealt with the applicability of section 101.106 when a governmental entity receives a favorable judgment. What distinguishes this case, however, is that neither the supreme court, nor an appellate court, has addressed whether section 101.106 violates the *open courts* provision when a judgment is rendered in *favor* of the governmental entity. As in *Brand,* we hold this is a 'distinction without a difference.' Law could have pursued a common-law remedy against Flores, foregoing or postponing any attempt to recover from UTHSC. As such, section 101.106 does not restrict a well-recognized cause of action. Accordingly, we find section 101.106 does not violate the Texas Constitution.

An argument asserted by Law during oral argument, but not in her brief, was that the discovery rules justify finding this statute unconstitutional. Specifically, section 101.104(b) provides, "neither the existence nor the amount of insurance [held by a governmental unit] is subject to discovery." TEX. CIV. PRAC. & REM.CODE ANN. § 101.104 (Vernon 1997). Law argued she is unable to ascertain whether UTHSC purchased insurance for Flores, or how much, prior to suit. Therefore, if Law opted to pursue her common-law remedy against Flores, foregoing any attempt to recover from UTHSC, Law argues she may recover nothing if the hospital did not purchase insurance policies on its employees, pursuant to section 101.027(a) of the Tort Claims Act. TEX. CIV. PRAC. & REM.CODE ANN. § 101.027(a) (Vernon 1997). Although we sympathize with Law's predicament, we are bound to strictly interpret the statute. As such, Law was not precluded from asserting her right to sue Flores, and her cause of action was not restricted.

Therefore, we hold the trial court erred in denying Flores's motion for summary judgment because under section 101.106, once UTHSC, a governmental unit of the State of Texas, was granted judgment in its favor, Law was barred from continuing her claim against Flores, an employee of UTHSC. We further hold the banning of that action is not a violation of the open courts provision of the Texas Constitution.

We sustain Flores's sole point of error, reverse the trial court's denial of her motion for summary judgment, and render judgment in her favor.