TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00198-CV






Patricia Burdett, Appellant


v.


John Doe, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT

NO. GN403339, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 This is an interlocutory appeal from an order denying Burdett's motion for
summary judgment on immunity grounds. The plaintiff below, John Doe, filed suit against the City
of Austin and Burdett, both individually and in her official capacity as an employee of the City, for
the wrongful disclosure of his HIV-positive status. (1) After his statutory claims against the City were
dismissed on the basis that they were barred by governmental immunity, Doe reached a settlement
with the City and his remaining claims against the City were dismissed with prejudice. Burdett then
asserted that the election-of-remedies and settlement provisions of the Texas Tort Claims Act
(the "Act") barred Doe's claims against her arising out of the same subject matter as Doe's
suit against her government employer. See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a), (c)
(West 2005). Because the Tort Claims Act bars Doe's suit against Burdett, we reverse the order of
the district court and render summary judgment in favor of Burdett.


BACKGROUND

 Since March of 1997, Doe was a regular patient at the City-run David Powell Clinic, 

where he received treatment for HIV. He alleges that Burdett, while employed as a receptionist at
the Clinic, routinely harassed and discriminated against him, and on one occasion, intentionally
disclosed his HIV-positive status by loudly yelling his true, full name across the waiting room lobby. 
He also asserts that Burdett and Michelle Avery, another Clinic employee, publicly disclosed his full
name and HIV-positive status in a crowded restaurant and were overheard by several people. After
filing a formal complaint with the Clinic, Doe brought suit against the City, Burdett, and Avery,
alleging the following causes of action: (1) as against all defendants, violations of the Texas Health
and Safety Code for the willful release or disclosure of confidential test results; (2) as against all
defendants, violations of Doe's privacy rights under the Texas Constitution; and (3) as against
Burdett and Avery, the intentional infliction of emotional distress. Doe sought damages under
section 81.104 of the health and safety code, as well as compensatory and punitive damages
for emotional distress and health deterioration, declaratory and injunctive relief, and attorney's
fees and costs.

 In response, the City asserted that it was immune from Doe's statutory claims because
the HIV-confidentiality provisions of the health and safety code did not waive its governmental
immunity. After the district court granted the City's motion to dismiss the statutory claims, Doe
and the City settled, and Doe's remaining claims against the City were dismissed by agreement
pursuant to the settlement. Thereafter, Burdett moved for summary judgment arguing that because
Doe elected to file suit against her government employer, the Act barred him from asserting claims
against her as an employee regarding the same subject matter. See id. § 101.106(a) (barring recovery
against individual employee when plaintiff files suit against government employer "under this
chapter"). She also maintained that, as a result of Doe's settlement with the City, the Act precluded
him from recovering against her as an employee. See id. § 101.106(c) (barring recovery against
individual employee when settlement is reached with government employer concerning claims
brought "under this chapter"). Doe responded that because he had not filed suit against the City
under the Act and because none of his claims arose under the Act, these provisions had no effect
on his suit against Burdett. After a hearing, the district court denied Burdett's motion for summary
judgment, and she now appeals. See id. § 54.014(5) (West 2008) (authorizing interlocutory appeal
from order denying motion for summary judgment based on government employee or official's
assertion of immunity); see also Newman v. Obersteller, 960 S.W.2d 621, 621 (Tex. 1997) (holding
that section 101.106 is immunity statute for purposes of section 54.015(5)).


DISCUSSION

 In her sole issue on appeal, Burdett contends that the trial court erred in denying
her motion for summary judgment because Doe's claims are barred by section 101.106 of the
Texas Civil Practice and Remedies Code.

 We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). Burdett's motion raises an issue of official immunity under
the Tort Claims Act that, if applicable, would deprive the court of subject-matter jurisdiction. See
Texas Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004). Subject-matter
jurisdiction is a question of law, which we review de novo. Id. at 226. Likewise, deciding whether
Doe's claims fall under the Tort Claims Act is a matter of statutory construction, which we also
review de novo. In re Forlenza, 140 S.W.3d 373, 376 (Tex. 2004).

 Section 101.106(c) provides, "The settlement of a claim arising under this chapter
shall immediately and forever bar the claimant from any suit against or recovery from any employee
of the same governmental unit regarding the same subject matter." Tex. Civ. Prac. & Rem. Code
Ann. § 101.106(c). There is no dispute in this case that Doe settled his claims against the City
regarding the same subject matter as his claims against Burdett. The issue is whether the settled
claims arose "under this chapter," i.e., the Tort Claims Act, therefore entitling Burdett to immunity. 
Doe argues that his claims against the City--violations of the confidentiality provisions of the
health and safety code and his right to privacy under the Texas Constitution--do not fall under the
Tort Claims Act. Burdett asserts that while Doe did not bring suit pursuant to a specific waiver of
immunity under the Tort Claims Act, his pleading of the tort of invasion of privacy against the
City impliedly invoked the Act, such that the settlement of Doe's claims against the City arose
"under this chapter." (2)

 We agree with Burdett. Under Mission Consolidated Independent School District
v. Garcia, 253 S.W.3d 653 (Tex. 2008), it is clear that "all tort theories alleged against a government
unit" are brought "under the [Tort Claims Act]" for purposes of section 101.106. See 253 S.W.3d
at 659 (citing Newman, 960 S.W.2d at 622-23). As the Texas Supreme Court explained, "Because
the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the
government, all tort theories alleged against a government unit, whether it is sued alone or together
with its employees, are assumed to be 'under the [Act].'" Id. This is the case even when the plaintiff
asserts intentional torts or other claims against the governmental unit for which the Act has not
waived immunity. Id. at 658-59 (citing Harris County v. Sykes, 136 S.W.3d 635, 640 (Tex. 2004)
(applying section 101.106 to bar plaintiff's claim against governmental employee even though
immunity was not waived under Tort Claims Act); Dallas County Mental Health & Mental
Retardation v. Bossley, 968 S.W.2d 339, 344 (Tex. 1998) (dismissing suit against employee when
both employee and governmental unit were sued based on negligence theories that were not within
Act's limited waiver); Liu v. City of San Antonio, 88 S.W.3d 737, 744 (Tex. App.--San Antonio
2002, pet. denied) (dismissing intentional tort claims against employee when the governmental unit
had also been sued); Flores v. Law, 8 S.W.3d 785, 786-87 (Tex. App.--Houston [1st Dist.] 1999,
pet. denied) (dismissing medical malpractice suit against employee when governmental unit had
also been sued); White v. Annis, 864 S.W.2d 127, 132 (Tex. App.-- Dallas 1993, writ denied)
(dismissing negligent-training suit against employee when governmental unit was also sued)).

 It is clear after Garcia that because Doe sought recovery from the City for violations
of his right to privacy under the bill of rights of the Texas Constitution, his claims were brought
"under the Act" for purposes of section 101.106. While framed as a constitutional violation, Doe's
suit sought damages from the City. As such, his claim for damages for constitutional violations is
a suit against the State that invokes the doctrine of sovereign immunity. Doe has asserted a claim for
invasion of privacy, an intentional tort, see Billings v. Atkinson, 489 S.W.2d 858, 860-61
(Tex. 1973), for which the Tort Claims Act has not waived immunity, Tex. Civ. Prac. & Rem. Code
Ann. § 101.057 (West 2005) (sovereign immunity exists for intentional torts). The fact that the
Texas Supreme Court has recognized that our constitution protects personal privacy from
unreasonable governmental intrusions, see Texas State Employees Union v. Texas Dep't of Mental
Health & Mental Retardation, 746 S.W.2d 203, 205 (Tex. 1987), does not amount to a waiver of
immunity for the purposes of the Tort Claims Act. (3) Therefore, because Doe's invasion of privacy
claim against the City was a claim "arising under" the Tort Claims Act that was settled, we hold that
section 101.106(c) bars Doe's claims against Burdett.


CONCLUSION

 Because Doe's suit was brought under the Texas Tort Claims Act for purposes of
section 101.106 of the civil practice and remedies code, therefore barring recovery against Burdett
as a result of Doe's settlement with the City, we reverse the district court's order and render
summary judgment in favor of Burdett.



 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Reversed and Rendered

Filed: December 17, 2008
1. Doe also filed suit against another employee of the Clinic, Michelle Avery, who is not a
party to this appeal.
2. Although the parties disagree as to whether Doe asserted a claim against the City for
violations of his "common law right to privacy," it is undisputed that Doe pleaded a cause of
action "against all Defendants" for violations of his right to privacy under the Texas Constitution
Bill of Rights.


 After the City was dismissed from the suit, and after the hearing on and denial of Burdett's
motion for summary judgment, Doe amended his petition to assert the violation of privacy claims
against only Burdett and Avery. Thus, as Doe concedes, the only live pleading properly before us
is Doe's original petition. Moreover, like the other courts faced with this issue, we conclude that we
must look to the plaintiff's original petition, rather than his amended petition, in deciding whether
a tort claim was brought against the City for purposes of the section 101.106 analysis. See, e.g.,
Brown v. Ke Ping Xie, 260 S.W.3d 118, 122 (Tex. App.--Houston [1st Dist.] 2008, no pet.)
(concluding that plaintiff's original petition, not amended petition, is proper pleading to scrutinize
in determining whether dismissal under section 101.106(e) is appropriate); Villasan v. O'Rourke,
166 S.W.3d 752, 762 (Tex. App.--Beaumont 2005, pet. denied) (holding that amending petition
does not avoid mandatory language of section 101.106(e) where dismissal of government employee
is appropriate based on original petition).
3. Doe has cited no authority, nor have we found any, holding that the bill of rights of the
Texas Constitution waives a governmental unit's immunity or creates an implied right of action for
invasion of privacy claims. His assertion that "a constitutional claim in itself waives sovereign
immunity" and citation to this Court's decision in Texas State Employees Union v. Texas Workforce
Commission, 16 S.W.3d 61 (Tex. App.--Austin 2000, pet. ), is inapposite. In that case, we held
that sovereign immunity did not bar a suit for injunctive relief to prevent a state agency from
acting outside of its constitutional and statutory authority. Id. at 69. Suits for equitable remedies
for violation of constitutional rights are not prohibited because such relief is fundamentally "different
from seeking compensation for damages, or compensation in money for a loss or injury." City of
Beaumont v. Bouillion, 896 S.W.2d 143, 149 (Tex. 1995).