# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00198-CV

**Patricia Burdett, Appellant**

**v.**

**John Doe, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
## NO. GN403339, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal from an order denying Burdett's motion for summary judgment on immunity grounds. The plaintiff below, John Doe, filed suit against the City of Austin and Burdett, both individually and in her official capacity as an employee of the City, for the wrongful disclosure of his HIV-positive status.[1] After his statutory claims against the City were dismissed on the basis that they were barred by governmental immunity, Doe reached a settlement with the City and his remaining claims against the City were dismissed with prejudice. Burdett then asserted that the election-of-remedies and settlement provisions of the Texas Tort Claims Act (the "Act") barred Doe's claims against her arising out of the same subject matter as Doe's suit against her government employer. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a), (c)

---

[1] Doe also filed suit against another employee of the Clinic, Michelle Avery, who is not a party to this appeal.

(West 2005). Because the Tort Claims Act bars Doe's suit against Burdett, we reverse the order of the district court and render summary judgment in favor of Burdett.

**BACKGROUND**

Since March of 1997, Doe was a regular patient at the City-run David Powell Clinic, where he received treatment for HIV. He alleges that Burdett, while employed as a receptionist at the Clinic, routinely harassed and discriminated against him, and on one occasion, intentionally disclosed his HIV-positive status by loudly yelling his true, full name across the waiting room lobby. He also asserts that Burdett and Michelle Avery, another Clinic employee, publicly disclosed his full name and HIV-positive status in a crowded restaurant and were overheard by several people. After filing a formal complaint with the Clinic, Doe brought suit against the City, Burdett, and Avery, alleging the following causes of action: (1) as against all defendants, violations of the Texas Health and Safety Code for the willful release or disclosure of confidential test results; (2) as against all defendants, violations of Doe's privacy rights under the Texas Constitution; and (3) as against Burdett and Avery, the intentional infliction of emotional distress. Doe sought damages under section 81.104 of the health and safety code, as well as compensatory and punitive damages for emotional distress and health deterioration, declaratory and injunctive relief, and attorney's fees and costs.

In response, the City asserted that it was immune from Doe's statutory claims because the HIV-confidentiality provisions of the health and safety code did not waive its governmental immunity. After the district court granted the City's motion to dismiss the statutory claims, Doe and the City settled, and Doe's remaining claims against the City were dismissed by agreement

pursuant to the settlement. Thereafter, Burdett moved for summary judgment arguing that because Doe elected to file suit against her government employer, the Act barred him from asserting claims against her as an employee regarding the same subject matter. *See id.* § 101.106(a) (barring recovery against individual employee when plaintiff files suit against government employer "under this chapter"). She also maintained that, as a result of Doe's settlement with the City, the Act precluded him from recovering against her as an employee. *See id.* § 101.106(c) (barring recovery against individual employee when settlement is reached with government employer concerning claims brought "under this chapter"). Doe responded that because he had not filed suit against the City under the Act and because none of his claims arose under the Act, these provisions had no effect on his suit against Burdett. After a hearing, the district court denied Burdett's motion for summary judgment, and she now appeals. *See id.* § 54.014(5) (West 2008) (authorizing interlocutory appeal from order denying motion for summary judgment based on government employee or official's assertion of immunity); *see also Newman v. Obersteller*, 960 S.W.2d 621, 621 (Tex. 1997) (holding that section 101.106 is immunity statute for purposes of section 54.015(5)).

## DISCUSSION

In her sole issue on appeal, Burdett contends that the trial court erred in denying her motion for summary judgment because Doe's claims are barred by section 101.106 of the Texas Civil Practice and Remedies Code.

We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Burdett's motion raises an issue of official immunity under the Tort Claims Act that, if applicable, would deprive the court of subject-matter jurisdiction. *See*

3

*Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Subject-matter jurisdiction is a question of law, which we review de novo. *Id.* at 226. Likewise, deciding whether Doe's claims fall under the Tort Claims Act is a matter of statutory construction, which we also review de novo. *In re Forlenza*, 140 S.W.3d 373, 376 (Tex. 2004).

Section 101.106(c) provides, "The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(c). There is no dispute in this case that Doe settled his claims against the City regarding the same subject matter as his claims against Burdett. The issue is whether the settled claims arose "under this chapter," i.e., the Tort Claims Act, therefore entitling Burdett to immunity. Doe argues that his claims against the City—violations of the confidentiality provisions of the health and safety code and his right to privacy under the Texas Constitution—do not fall under the Tort Claims Act. Burdett asserts that while Doe did not bring suit pursuant to a specific waiver of immunity under the Tort Claims Act, his pleading of the tort of invasion of privacy against the City impliedly invoked the Act, such that the settlement of Doe's claims against the City arose "under this chapter."[2]

---

[2] Although the parties disagree as to whether Doe asserted a claim against the City for violations of his "common law right to privacy," it is undisputed that Doe pleaded a cause of action "against all Defendants" for violations of his right to privacy under the Texas Constitution Bill of Rights.

After the City was dismissed from the suit, and after the hearing on and denial of Burdett's motion for summary judgment, Doe amended his petition to assert the violation of privacy claims against only Burdett and Avery. Thus, as Doe concedes, the only live pleading properly before us is Doe's original petition. Moreover, like the other courts faced with this issue, we conclude that we

4

We agree with Burdett. Under *Mission Consolidated Independent School District v. Garcia*, 253 S.W.3d 653 (Tex. 2008), it is clear that "all tort theories alleged against a government unit" are brought "under the [Tort Claims Act]" for purposes of section 101.106. *See* 253 S.W.3d at 659 (citing *Newman*, 960 S.W.2d at 622-23). As the Texas Supreme Court explained, "Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a government unit, whether it is sued alone or together with its employees, are assumed to be 'under the [Act].'" *Id.* This is the case even when the plaintiff asserts intentional torts or other claims against the governmental unit for which the Act has not waived immunity. *Id.* at 658-59 (citing *Harris County v. Sykes*, 136 S.W.3d 635, 640 (Tex. 2004) (applying section 101.106 to bar plaintiff's claim against governmental employee even though immunity was not waived under Tort Claims Act); *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 344 (Tex. 1998) (dismissing suit against employee when both employee and governmental unit were sued based on negligence theories that were not within Act's limited waiver); *Liu v. City of San Antonio*, 88 S.W.3d 737, 744 (Tex. App.—San Antonio 2002, pet. denied) (dismissing intentional tort claims against employee when the governmental unit had also been sued); *Flores v. Law*, 8 S.W.3d 785, 786-87 (Tex. App.—Houston [1st Dist.] 1999,

must look to the plaintiff's original petition, rather than his amended petition, in deciding whether a tort claim was brought against the City for purposes of the section 101.106 analysis. *See, e.g.*, *Brown v. Ke Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (concluding that plaintiff's original petition, not amended petition, is proper pleading to scrutinize in determining whether dismissal under section 101.106(e) is appropriate); *Villasan v. O'Rourke*, 166 S.W.3d 752, 762 (Tex. App.—Beaumont 2005, pet. denied) (holding that amending petition does not avoid mandatory language of section 101.106(e) where dismissal of government employee is appropriate based on original petition).

pet. denied) (dismissing medical malpractice suit against employee when governmental unit had also been sued); *White v. Annis*, 864 S.W.2d 127, 132 (Tex. App.— Dallas 1993, writ denied) (dismissing negligent-training suit against employee when governmental unit was also sued)).

It is clear after *Garcia* that because Doe sought recovery from the City for violations of his right to privacy under the bill of rights of the Texas Constitution, his claims were brought "under the Act" for purposes of section 101.106. While framed as a constitutional violation, Doe's suit sought damages from the City. As such, his claim for damages for constitutional violations is a suit against the State that invokes the doctrine of sovereign immunity. Doe has asserted a claim for invasion of privacy, an intentional tort, *see Billings v. Atkinson*, 489 S.W.2d 858, 860-61 (Tex. 1973), for which the Tort Claims Act has not waived immunity, Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (West 2005) (sovereign immunity exists for intentional torts). The fact that the Texas Supreme Court has recognized that our constitution protects personal privacy from unreasonable governmental intrusions, *see Texas State Employees Union v. Texas Dep't of Mental Health & Mental Retardation*, 746 S.W.2d 203, 205 (Tex. 1987), does not amount to a waiver of immunity for the purposes of the Tort Claims Act.[3] Therefore, because Doe's invasion of privacy

---

[3] Doe has cited no authority, nor have we found any, holding that the bill of rights of the Texas Constitution waives a governmental unit's immunity or creates an implied right of action for invasion of privacy claims. His assertion that "a constitutional claim in itself waives sovereign immunity" and citation to this Court's decision in *Texas State Employees Union v. Texas Workforce Commission*, 16 S.W.3d 61 (Tex. App.—Austin 2000, pet. ), is inapposite. In that case, we held that sovereign immunity did not bar a suit for injunctive relief to prevent a state agency from acting outside of its constitutional and statutory authority. *Id.* at 69. Suits for equitable remedies for violation of constitutional rights are not prohibited because such relief is fundamentally "different from seeking compensation for damages, or compensation in money for a loss or injury." *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995).

6

claim against the City was a claim "arising under" the Tort Claims Act that was settled, we hold that section 101.106(c) bars Doe's claims against Burdett.

## CONCLUSION

Because Doe's suit was brought under the Texas Tort Claims Act for purposes of section 101.106 of the civil practice and remedies code, therefore barring recovery against Burdett as a result of Doe's settlement with the City, we reverse the district court's order and render summary judgment in favor of Burdett.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Reversed and Rendered

Filed: December 17, 2008

7