Affirmed and Opinion filed November 19, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00635-CV

____________

 

SHERYL HINTZ, AS NEXT FRIEND FOR
DONALD HINTZ, JR., Appellant

 

V.

 

KEVIN LALLY, M.D., Appellee

 



 

On Appeal from the 334th
District Court

Harris County, Texas

Trial Court Cause No. 2006-51857

 



 

O P I N I O N

Sheryl Hintz, as next friend for Donald Hintz, Jr., appeals
from the trial court=s order granting a motion to dismiss filed by appellee Kevin
Lally, M.D.  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.106(a), (f) (Vernon 2005).  We
affirm.

BACKGROUND








Dr. Lally operated on Donald Hintz in November 2002 to remove
a swollen lymph node.  Dr. Lally was employed full time as vice chairman of the
Department of Surgery and chief of the Division of Pediatric Surgery at the
University of Texas Health Science Center at Houston (AUTHSC@).

Sheryl Hintz filed suit against Dr. Lally on August 16, 2006,
alleging that he negligently removed Donald=s spinal accessory nerve during the
2002 surgical procedure.  Hintz sued only Dr. Lally in the original petition;
she did not sue UTHSC.

Dr. Lally timely filed his original answer on September 21,
2006, in which he asserted a general denial.  Dr. Lally also pleaded that Athis suit is based on Defendant=s alleged conduct within the general
scope of his employment with The University of Texas Health Science Center at
Houston and this case could have been brought against the governmental unit.@  See Tex. Civ. Prac. &
Rem. Code Ann. ' 101.106(f).

On November 7, 2006, Dr. Lally filed a motion to dismiss
Hintz=s suit with prejudice pursuant to
section 101.106(f) on grounds that A[t]his suit could have been brought
against UTHSC . . . .@  Dr. Lally submitted an affidavit in support of his motion
to dismiss in which he stated:

When I treated Donald Hintz, Jr., I was employed as a
physician at UTHSC and was wholly compensated by UTHSC.  My treatment of Mr.
Hintz was performed in my capacity as an employee of UTHSC and was within the
general scope of my employment with UTHSC.  The surgery which I performed on
Donald Hintz, Jr., involved the use of surgical equipment in performing the
biopsy which is the subject of Plaintiff=s
lawsuit.

 

Dr. Lally=s motion to dismiss asserted that Hintz=s claims involve injuries allegedly
caused by a condition or use of tangible personal property.  See Tex.
Civ. Prac. & Rem. Code Ann.  ' 101.021 (Vernon 2005).  Dr. Lally
asserted that his Ause of surgical instruments would meet the definition of
tangible personal property.  Accordingly, this suit could have been brought
against Dr. Lally=s employer, The University of Texas Health Science Center at
Houston.@  Dr. Lally also included a notice
setting a hearing on his motion to dismiss on December 4, 2006.








Hintz filed a first amended petition on November 30, 2006,
which again named Dr. Lally as the only defendant.  Hintz alleged therein that
Dr. Lally Awas an independent contractor with respect to the actions made the basis
of this suit.@  Hintz simultaneously filed a response to Dr. Lally=s motion to dismiss under section
101.106(f) in which she asserted that (1) Dr. Lally=s motion Aoffers only a conclusory statement
that Dr. Lally is an employee of UTHSC and not an independent contractor;@ (2) she had been afforded no
opportunity to conduct discovery; (3) section 101.106 violates the Texas
Constitution=s open courts provision; and (4) Athe negligent use of a surgical
instrument is not a use of tangible property such that the claim could have
been brought against a government entity under the Texas Tort Claims Act.@  

Hintz filed a second amended petition on December 4, 2006, in
which she voluntarily dismissed Dr. Lally and named UTHSC as the sole
defendant.  Accordingly, no hearing was held on Dr. Lally=s November 7, 2006 motion to dismiss
and the trial court did not sign an order addressing that motion.

UTHSC filed its original answer on January 12, 2007, in which
it asserted a general denial; it also pleaded Aits claim to and defense of sovereign
immunity and the limits, exemptions and exclusions of the Tort Claims Act.@








On July 2, 2007, UTHSC filed a first amended original answer
in which it pleaded that subject matter jurisdiction was lacking because Hintz
failed to provide the requisite statutory notice.  See Tex. Civ. Prac.
& Rem. Code Ann. ' 101.101 (Vernon 2005) (AA governmental unit is entitled to
receive notice of a claim against it under this chapter not later than six
months after the day that the incident giving rise to the claim occurred.@).  UTHSC simultaneously filed a plea
to the jurisdiction and motion to dismiss predicated on lack of notice.  See
Tex. Gov=t Code Ann. ' 311.034 (Vernon Supp. 2009) (AStatutory prerequisites to a suit,
including the provision of notice, are jurisdictional requirements in all suits
against a governmental entity.@).  The plea to the jurisdiction and motion were supported by
an affidavit signed by UTHSC=s risk manager, Catherine R. Thompson.  In her affidavit,
Thompson stated that she had found no record of any notice of claim received
from or on behalf of Sheryl Hintz as next friend of Donald Hintz within six
months of the November 2002 surgery.

Hintz filed a response to UTHSC=s plea and motion, and an alternative
motion to withdraw her voluntary dismissal of Dr. Lally.  Following a hearing,
the trial court signed an order on October 31, 2007 granting UTHSC=s plea and motion and denying Hintz=s motion to withdraw her dismissal of
Dr. Lally.

On November 19, 2007, Hintz timely filed a motion for new
trial, motion to modify or vacate judgment, and a motion for leave to file a third
amended petition naming Dr. Lally as the only defendant.  In an order signed on
November 30, 2007, the trial court denied Hintz=s motion for new trial and motion to
vacate judgment but granted her motion for leave to file a third amended
petition.  That petition was deemed filed on November 30, 2007.

Hintz filed a fourth amended petition naming Dr. Lally as the
sole defendant on December 27, 2007.  Dr. Lally filed an amended answer on
January 14, 2008 in which he (1) asserted a general denial; (2) invoked section
101.106(a), under which bringing suit against a governmental unit Aconstitutes an irrevocable election
and forever bars any suit or recovery by the plaintiff against any individual
employee of the governmental unit;@ and (3) again invoked section
101.106(f).  Dr. Lally filed his second motion to dismiss on February 20, 2007
based on sections 101.106(a) and (f).  Hintz filed a response on April 1, 2008
and a fifth amended petition on April 8, 2008 naming Dr. Lally as the only
defendant.  Hintz also filed a supplemental response on April 8, 2008, in which
she contended that sections 101.106(a) and (f) violate the open courts provision
of the Texas Constitution.








The trial court granted Dr. Lally=s second motion to dismiss in an
order signed on April 11, 2008.  The order states, AThe face of the record is unequivocal
that the original dismissal of Kevin Lally, M.D. constituted a Tex. Civ. Prac.
& Rem. Code ' 101.106(f) dismissal . . . under the >election= provision of the statute (see
Plaintiff=s Second Amended Petition), [and] the statute makes that election
irrevocable.@  Hintz timely filed a notice of appeal from the April 11, 2008 dismissal
order.

STANDARD OF REVIEW

Generally, we review a trial court=s order on a
motion to dismiss under an abuse of discretion standard.  Singleton v.
Casteel, 267 S.W.3d 547, 550 (Tex. App.CHouston [14th
Dist.] 2008, pet. denied).  However, the proper standard of review is
determined by the substance of the issue to be reviewed rather than the type of
motion to which the trial court=s order pertains.  See In re Doe,
19 S.W.3d 249, 253 (Tex. 2000) (to determine proper standard of review, Awe must determine
whether the [issue] is a question of fact or of law@).

Matters of statutory construction are
reviewed de novo.  City of San Antonio v. Boerne, 111 S.W.3d 22,
25 (Tex. 2003).  Here, Dr. Lally=s motion to
dismiss presented an issue of statutory interpretation under section 101.106 of
the Texas Tort Claims Act.  Thus, the trial court=s order dismissing
Dr. Lally pursuant to section 101.106(f) is subject to de novo review
on appeal.

AIn construing a statute, our primary
goal is to determine and effectuate legislative intent.@  Grimes County Bail Bond Bd. v.
Ellen, 267 S.W.3d 310, 316 (Tex. App.CHouston [14th Dist.] 2008, pet.
denied) (citing In re Canales, 52 S.W.3d 698, 702 (Tex. 2001) (orig.
proceeding)).  AIf a statute is clear and unambiguous, we need not resort to
rules of construction.@  Id.  AWe may consider, among other things,
the statute=s objectives and the consequences of a particular construction.@  Id.  AWe read the statute as a whole and
interpret it to effectuate every part.@  Id. (citing City of
Houston v. Jackson, 42 S.W.3d 316, 319-20 (Tex. App.CHouston [14th Dist.] 2001, pet dism=d w.o.j.)).

ANALYSIS








Hintz raises four issues on appeal, contending that (1) the
trial court erred in dismissing her claims against Dr. Lally under section
101.106(f); (2) the substitution of UTHSC under section 101.106(f) does not bar
suit against Dr. Lally under section 101.106(a) following UTHSC=s dismissal for lack of subject matter
jurisdiction; (3) suit against UTHSC could not have been brought under section
101.106(f) because the injury made the basis of the suit did not manifest
itself until after expiration of the notice period; and (4) section 101.106(f)
violates the Texas Constitution=s open courts provision by requiring substitution of a party
over which the court had no jurisdiction.  An overview of section 101.106 will
put Hintz=s arguments in context.

I.         Election
of Remedies Under the Tort Claims Act

The Texas Tort Claims Act establishes a limited waiver of
immunity and caps damages for certain suits against governmental entities.  The
Act waives governmental immunity to the extent that liability arises from the Ause of a motor-driven vehicle or
motor-driven equipment, @ or from Aa condition or use of tangible personal or real property.@  Tex. Civ. Prac. & Rem. Code
Ann. ' 101.021; see generally Mission
Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 655-56 (Tex. 2008).

Litigants responded by suing governmental employees
individually instead of their governmental employers in an effort to circumvent
the Tort Claims Act=s limits.  Mission Consol. Indep. Sch. Dist., 253
S.W.3d at 655-56.  The legislature countered this tactic by creating an
election-of-remedies provision.  This provision originally gave a measure of
protection to governmental employees when claims against governmental entities
were reduced to judgment or settled; however, it did not preclude a plaintiff
from pursing alternative theories against both the employee and the
governmental employer before judgment was signed.  Id. at 656 (citing
Act of May 17, 1985, 69th Leg., R.S., ch. 959, ' 1, 1985 Tex. Gen. Laws 3242, 3305). 
The current version of this provision is codified as section 101.106.








The legislature amended section 101.106 in 2003.  See
Mission Consol. Indep. Sch. Dist., 253 S.W.3d at 656.  AThe revision=s apparent purpose was to force a
plaintiff to decide at the outset whether an employee acted independently and
is thus solely liable, or acted within the general scope of his or her
employment such that the governmental unit is vicariously liable, thereby
reducing the resources that the government and its employees must use in
defending redundant litigation and alternative theories of recovery.@  Id. at 657.  ABy requiring a plaintiff to make an
irrevocable election at the time suit is filed between suing the governmental
unit under the Tort Claims Act or proceeding against the employee alone,
section 101.106 narrows the issues for trial and reduces delay and duplicative
litigation costs.@  Id.

Section 101.106, entitled AElection of Remedies,@ provides in pertinent part as
follows:

(a)  The filing of a suit under this chapter against a
governmental unit constitutes an irrevocable election by the plaintiff and
immediately and forever bars any suit or recovery by the plaintiff against any
individual employee of the governmental unit regarding the same subject matter.

(b)  The filing of a suit against any employee of a
governmental unit constitutes an irrevocable election by the plaintiff and
immediately and forever bars any suit or recovery by the plaintiff against the
governmental unit regarding the same subject matter unless the governmental
unit consents.

*     *     *

(e) If a suit is filed under this chapter against both
a governmental unit and any of its employees, the employees shall immediately
be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a
governmental unit based on conduct within the general scope of that employee=s employment and if it could have been brought under
this chapter against the governmental unit, the suit is considered to be
against the employee in the employee=s
official capacity only.  On the employee=s
motion, the suit against the employee shall be dismissed unless the plaintiff
files amended pleadings dismissing the employee and naming the governmental
unit as defendant on or before the 30th day after the date the motion is filed.

 

Tex. Civ. Prac. & Rem. Code Ann. ' 106.101(a), (b), (e), (f).

 








With these provisions as a roadmap, we address the issues
Hintz raises on appeal.

II.        Bases
for Dismissal

A.        Dismissal
Under Section 101.106(f)

Hintz=s first and third issues focus on whether the trial court
erred in dismissing her suit against Dr. Lally under section 101.106(f), and
whether suit Acould have been brought under this chapter@ against UTHSC in light of the
subsequent dismissal for lack of subject matter jurisdiction.  These issues
provide no basis for reversal because they target an earlier stage in the
proceedings involving Dr. Lally=s November 7, 2006 motion to dismiss C not the April 11, 2008 dismissal
order upon which this appeal is predicated.

The trial court did not sign an order dismissing Dr. Lally in
response to his November 7, 2006 motion invoking section 101.106(f).  The trial
court held no hearing on that motion.  Instead, Hintz voluntarily dismissed Dr.
Lally when she filed her second amended petition on December 4, 2006 by
dropping Dr. Lally and naming UTHSC as the sole defendant.  








The voluntary dismissal of Dr. Lally distinguishes this case
from circumstances in which a trial court (1) is presented with a motion for dismissal
under section 101.106(f); and (2) must address the Acould have been brought under this
chapter@ clause in the course of deciding
whether to grant or deny the motion.  The latter circumstances implicate the
employee=s burden to demonstrate that suit Acould have been brought under this
chapter@ against the governmental employer. 
This court and others have held that the employee must satisfy such a burden to
obtain a dismissal order from the trial court under section 101.106(f).  Phillips
v. Dafonte, 187 S.W.3d 669, 675 (Tex. App.CHouston [14th Dist.] 2006, no pet.); see
also Hall v. Provost, 232 S.W.3d 926, 928 (Tex. App.BCDallas 2007, no pet.); Kanlic v.
Meyer, 230 S.W.3d 889, 893-94 (Tex. App.CEl Paso 2007, pet. denied); cf.
Franka v. Velasquez, 216 S.W.3d 409, 413 (Tex. App.CSan Antonio 2006, pet. granted) (AJust as a plea to the jurisdiction
cannot be granted, thereby resulting in the dismissal of a lawsuit, when a fact
issue exists . . . a trial court also is not permitted to dismiss employees
from a lawsuit under section 101.106(f) if a fact issue exists with regard to
whether the governmental unit=s immunity is waived.@) (citation omitted).

The trial court did not rule on Dr. Lally=s November 7, 2006 motion to dismiss
under section 101.106(f) because Hintz=s voluntary dismissal of Dr. Lally
made doing so unnecessary.  Accordingly, Athe trial court held no hearing and
considered no evidence, and so there is no potential fact issue raised, nor is
there any showing that the doctors were or were not entitled to dismissal for
this court to consider.@  Wilkins v. McManemy, No. 14-06-00876-CV, 2009 WL
838139, at *4 (Tex. App.CHouston [14th Dist.] March 31, 2009, pet. filed) (mem. op.,
not designated for publication).  These circumstances make it unnecessary for
us to address the precise nature of the movant=s burden under section 101.106(f) or
whether that burden was satisfied in this case.

The analysis here focuses instead on the effect of
voluntarily dismissing Dr. Lally; adding UTHSC as the sole defendant in the
second amended petition; and then attempting to sue Dr. Lally again after the
claim against UTHSC was dismissed for lack of subject matter jurisdiction. 
That issue was addressed in the April 11, 2008 dismissal order from which Hintz
appeals, and it is controlled by section 101.106(a).

Accordingly, we overrule Hintz=s first and third issues.

B.        Dismissal
Under Section 101.106(a)

Section 101.106(a) states that A[t]he filing of a suit under this
chapter against a governmental unit constitutes an irrevocable election by the
plaintiff . . . .@  Tex. Civ. Prac. & Rem. Code Ann. ' 106.101(a).








Hintz filed Aa suit under this chapter against a governmental unit@ when she filed her second amended
petition naming UTHSC as the only defendant.  Before the second amended
petition, Hintz had not filed any Asuit under this chapter against a
governmental unit.@  Hintz=s suit against UTHSC Aimmediately and forever bars any suit
or recovery by the plaintiff against any individual employee of the
governmental unit regarding the same subject matter.@  See id.  The trial court=s April 11, 2008 dismissal order
correctly concludes that section 106.101(a)=s unambiguous language (1) made Hintz=s election to sue only UTHSC in the
second amended petition irrevocable; and (2) foreclosed Hintz=s subsequent attempt to sue Dr. Lally
again by naming him as the only defendant in the third amended petition after
having sued only UTHSC in the second amended petition.

This conclusion is underscored by the Texas Supreme Court=s analysis in Mission Consolidated
Independent School District.  The supreme court explained that recovery
against an individual employee is barred under section 101.106 and may be
sought only against the governmental unit in three circumstances:

(1) when suit is filed against the governmental unit
only . . . ; (2) when suit is filed against both the governmental unit and its
employee . . . ; or (3) when suit is filed against an employee whose conduct
was within the scope of his or her employment and the suit could have been
brought against the governmental unit . . . .

 

Mission Consol. Indep. Sch. Dist., 253 S.W.3d at 657 (citations omitted).  ABecause the decision regarding whom
to sue has irrevocable consequences, a plaintiff must proceed cautiously before
filing suit and carefully consider whether to seek relief from the governmental
unit or from the employee individually.@  Id.

The second scenario identified above by the supreme court,
which corresponds to section 101.106(e), does not apply here because Hintz
never filed a petition naming both Dr. Lally and UTHSC as defendants;
therefore, UTHSC never filed a motion seeking immediate dismissal of Dr. Lally
under section 101.106(e).  Cf. Villasan v. O=Rourke, 166 S.W.3d 752, 756 (Tex. App.CBeaumont 2005, pet. denied)
(governmental employer=s filing of section 101.106(e) motion imposes statutory duty
on trial court to dismiss employee immediately without reference to subsequent
amended pleading dropping the governmental employer); see also Singleton, 267 S.W.3d at
552 n.6 (same); Brown v. Xie, 260 S.W.3d 118, 122 (Tex. App.CHouston [1st
Dist.] 2008, no pet.) (same).








Under the supreme court=s third scenario, which implicates
sections 101.106(b) and (f), the filing of a suit against the employee of a
governmental unit Aconstitutes an irrevocable election by the plaintiff@ that forecloses suit Aagainst the governmental unit
regarding the same subject matter unless the governmental unit consents.@  But there is a statutory exception
to this particular Airrevocable election@ to sue the employee.  As discussed
above, the plaintiff can be compelled to switch targets from the governmental
employee to the governmental employer if Asuit is filed against an employee of
a governmental unit based on conduct within the general scope of that employee=s employment and if it could have
been brought under this chapter against the governmental unit . . . .@  Tex. Civ. Prac. & Rem. Code
Ann. ' 106.101(f).  The plaintiff is
protected against a subsequent dismissal of the governmental employer by
putting the employee to his burden of demonstrating that suit Acould have been brought under this
chapter@ against the governmental employer
before the employee obtains a dismissal order.  See Phillips, 187
S.W.3d at 675.

Under the supreme court=s first scenario, which corresponds
to section 101.106(a), the filing of a suit against a governmental unit also Aconstitutes an irrevocable election
by the plaintiff@ that forecloses suit against an individual employee of the
governmental unit regarding the same subject matter.  But unlike the third
scenario under subsections (b) and (f), there are no exceptions under the first
scenario by which section 101.106 provides a mechanism for changing the target
of suit from the governmental employer to the governmental employee.








In short, section 101.106=s door swings in just one direction. 
A plaintiff who makes an Airrevocable election@ by suing only the governmental
employee nonetheless can be compelled to change targets and sue only the
governmental employer instead.  Id. at ' 101.106(f).  A plaintiff who sues
both the employee and the employer also can be compelled to dismiss the
employee and sue only the employer instead.  Id. at ' 101.106(e).  But once the plaintiff
makes an Airrevocable election@ by suing only the employer, there is no statutory mechanism
to change targets and sue the employee instead.  Suing the governmental unit Aimmediately and forever bars any suit
or recovery by the plaintiff against any individual employee of the
governmental unit regarding the same subject matter.@  Id. at ' 101.106(a).  This one-way door
comports with the legislature=s goal to address efforts to circumvent the Tort Claims Act=s limits by litigants who sued
governmental employees individually instead of their governmental employers.  See
Mission Consol. Indep. Sch. Dist., 253 S.W.3d at 655-56.

Hintz argues that she did not make an Airrevocable election@ under section 101.106(a) because her
Avoluntary dismissal of Lally and the
naming of UTHSC is a substitution of the defendant in response to Dr. Lally=s first motion to dismiss under ' 101.106(f).@  This argument is unavailing because
it ignores subsection (a)=s mandatory language.  Hintz=s appeal is predicated on the trial
court=s April 11, 2008 dismissal order. 
That order applies subsection (a) to the circumstances created by the
involuntary dismissal of UTHSC after it was named as the only defendant in the
second amended petition, and the involuntary dismissal of Dr. Lally after he
was named as the only defendant in the third amended petition.  Because the
filing of Hintz=s second amended petition naming only UTHSC is A[t]he filing of a suit under this
chapter against a governmental unit@ under section 101.106(a), the filing
of Hintz=s second amended petition Aconstitutes an irrevocable election@ under section 101.106(a).

Hintz further argues that A[t]he plain language of the statute
shows that the >irrevocable election= of the Plaintiff is made at the
initiation of suit.@  She contends that section 101.106 Aprovides for a single election which
is made by the Plaintiff at the time suit was filed.@  According to Hintz, characterizing
her second amended petition naming only UTHSC as A[t]he filing of a suit under this
chapter against a governmental unit@ and an Airrevocable election@ impermissibly would allow plaintiffs
to make Atwo elections@ under section 101.106.








Hintz relies upon Villasan, 166 S.W.3d at 759, to
support her Atwo elections@  argument.  This reliance is misplaced.

The plaintiffs in Villasan filed a medical malpractice
suit naming as defendants both Dr. Villasan and his employer, the University of
Texas Medical Branch, Galveston (AUTMB@).  Id. at 756.  UTMB invoked
section 101.106(e) and filed a motion to dismiss the claim against Dr.
Villasan.  Id.  The plaintiffs responded by filing an amended petition
omitting UTMB and leaving Dr. Villasan as the sole defendant.  Id. at
757.  When Dr. Villasan filed his own motion to dismiss invoking section
101.106(e), the plaintiffs contended that (1) their voluntary dismissal of UTMB
mooted Dr. Villasan=s motion; and (2) section 101.106(e) no longer applied
because they no longer were suing both UTMB and Dr. Villasan.

The court of appeals rejected the plaintiffs= argument under section 101.106(e).  ABy  filing an amended petition
dropping UTMB as a defendant and leaving Dr. Villasan as the sole defendant,
the [plaintiffs] . . . attempt to avoid the clear intent of the statute.@  Id. at 758.  AWe hold that under code section
101.106, the governmental agency perfects the statutory right to dismissal of
its employee upon the filing of a motion to dismiss, and the employee may
subsequently rely on the duty created by the motion to require the trial judge
to dismiss the claims against him.@  Id.  ASubsequent amended pleadings by the
plaintiff filed after the government=s filing of its motion to dismiss the
employee do not moot the right created by the filing of the motion under
section 101.106.@  Id.








In reaching this conclusion, the court of appeals analyzed
section 101.106(a)=s use of the word Airrevocable@ in relation to Athe consequences of the plaintiffs= choice in suing the governmental
unit and its employee.@  Id. at 759.  A>Irrevocable= is defined as >incapable of being recalled, or
revoked; past recall; unalterable.=@ Id. at 759 (quoting Webster=s Third New International Dictionary
1196 (1986)).  AThe Legislature did not create any exceptions in section 101.106
allowing TTCA claimants a second election to choose the parties against whom
they desired to lodge their suit.@  Id.  AUnder this statute, when TTCA
claimants elect to include the governmental unit as a party to a suit, whether
alone or in conjunction with a governmental employee, TTCA claimants have made
an irrevocable election of remedies that they will look solely to the
governmental unit for compensation for injury.@  Id. (citing Tex. Civ. Prac.
& Rem. Code Ann. ' 101.106(a)).

As noted above, this case does not involve section 101.106(e)
because Hintz did not sue both the employer and the employee.  In any event, Villasan=s analysis  makes clear that the
court=s reference to an impermissible Asecond election@ addressed an additional attempted
election occurring after the plaintiffs already had sued the
governmental unit and after they already had been presented with
the governmental unit=s motion to dismiss.  See id.; see also Singleton, 267 S.W.3d at
552 n.6; Brown, 260 S.W.3d at 122.  A subsequent election is not permitted under those circumstances
because claimants who include the governmental unit as a party to the suit have
elected irrevocably to Alook solely to the governmental unit for compensation for
injury.@  Villasan, 166 S.W.3d at 759
(citing Tex. Civ. Prac. & Rem. Code Ann. ' 101.106(a)).  Following Villasan=s logic, Hintz=s subsequent attempt to sue Dr. Lally
again after she already had sued UTHSC likewise was foreclosed.  See id.
at 758.

Hintz essentially attempts to rewrite section 101.106(a)=s reference to A[t]he filing of a suit under this
chapter against a governmental unit@ by substituting the words Aan original petition@ in place of Aa suit.@  This approach is impermissible
because a specific, unambiguous statute should not be construed to mean
something other than what the plain words say.  Fleming Foods of Tex., Inc. v.
Rylander, 6 S.W.3d 278, 284 (Tex. 1999).  There was no Afiling of a suit@ against UTHSC until Hintz filed her
second amended petition naming UTHSC as the only defendant.  Denying effect to
section 101.106(a) because Hintz sued UTHSC in her second amended petition
rather than her original petition would elevate form over substance and render
superfluous section 101.106(a)=s unqualified Airrevocable election@ language.  A[S]ubstance, or the topic of the
pleading, prevails over form, or the title of the pleading.@  Phillips, 187 S.W.3d at 675
(citing Texas Dep=t of Crim. Justice v. Simons, 140 S.W.3d 338, 349 (Tex. 2004)).








Hintz=s proposed interpretation violates additional precepts by
restricting section 101.106(a)=s reach according to the numerical designation in a pleading=s caption rather than the pleading=s content.  This approach is
erroneous because A>every word of a statute must be
presumed to have been used for a purpose.=@ Laidlaw Waste Sys. (Dallas), Inc.
v. City of Wilmer, 904 S.W.2d 656, 659 (Tex. 1995) (quoting Cameron v.
Terrell & Garrett, Inc., 618 S.W.2d 535, 540 (Tex. 1981)).  A>Likewise, we believe every word
excluded from a statute must also be presumed to have been excluded for a
purpose.=@  Id. (quoting Cameron,
618 S.W.2d at 540).  Section 101.106(a) refers to A[t]he filing of a suit under this
chapter against a governmental unit;@ it does not refer to the numerical
designation in the caption of the pleading by which a plaintiff has filed suit
against a governmental unit.  The dispositive election occurs when the
governmental employer is sued C regardless of whether the governmental employer is sued
alone or in tandem with the employee, and regardless of whether the
governmental employer is sued in the Aoriginal@ petition or an Aamended@ petition.

The filing of Hintz=s second amended petition asserting
claims against UTHSC was A[t]he filing of a suit under this chapter against a
governmental unit.@  Section 101.106(a) makes the filing of such a suit an Airrevocable election.@  Section 101.106 provides no
mechanism by which a suit once filed against Dr. Lally=s governmental employer can be
changed to target Dr. Lally instead.  Accordingly, we overrule Hintz=s second issue.

III.      Open
Courts Provision

In her last issue, Hintz argues that section 101.106(f)
violates the Texas Constitution=s guarantee of open courts insofar as that provision requires
the substitution of UTHSC for Dr. Lally.  See Tex. Const. art. I, ' 13.  Hintz contends it is
unconstitutional to make her sue UTHSC in place of Dr. Lally because (1) Donald
Hintz=s alleged injury did not manifest
itself until more than six months after his operation, thereby precluding
timely notice; and (2) UTHSC nonetheless obtained dismissal of her suit based
on a failure to provide notice within six months.  See Tex. Civ. Prac.
& Rem. Code Ann. ' 101.101(a).








The open courts provision states that A[a]ll courts shall be open, and every
person for an injury done him, in his lands, goods, person or reputation, shall
have remedy by due course of law.@  Id.  AThis provision, among other things,
prohibits the Legislature from unreasonably restricting common law causes of
action.@  Thomas v. Oldham, 895 S.W.2d
352, 357 (Tex. 1995) (citing Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 448 (Tex. 1993)).

Statutes are presumed to be constitutional.  Walker v.
Gutierrez, 111 S.W.3d 56, 66 (Tex. 2003); Tex. Gov=t Code Ann. ' 311.021(1) (Vernon 2005).  When
challenging a statute as unconstitutional on the basis that it restricts a
common law cause of action, the litigant must demonstrate that (1) the statute
restricts a well-recognized common law cause of action; and (2) the restriction
is unreasonable when balanced against the statute=s purpose.  Flores v. Law, 8
S.W.3d 785, 787 (Tex. App.CHouston [1st Dist.] 1999, pet. denied) (citing Thomas,
895 S.W.2d at 357).

The Texas Supreme Court has addressed an open courts
challenge to the pre-2003 version of section 101.106.  See Thomas, 895
S.W.2d at 357-58.  The prior version of section 101.106 stated that A[a] judgment in an action or a
settlement of a claim under this chapter bars any action involving the same
subject matter by the claimant against the employee of the governmental unit
whose act or omission gave rise to the claim.@  See id. at 355.  The supreme
court concluded that, under this provision, Aa judgment in an action against a
governmental unit under the Tort Claims Act bars the simultaneous rendition of
a judgment against the employee whose actions gave rise to the claim.@  Id. at 357.








The plaintiff in Thomas argued that section 101.106=s bar on simultaneous judgments
against the governmental employee and the governmental employer violated the
open courts provision.  Id.  The supreme court rejected this challenge
because A[t]he Tort Claims Act broadened,
rather than restricted, an injured party=s remedies.@  Id.  The statute did so by
creating a limited waiver as to governmental units that were immune from
liability at common law.  Id.  AAlthough a plaintiff who pursues the
statutory remedy against the government may lose his or her common law remedy
against the employee, the plaintiff is not required to follow this course.@  Id. at 357-58.  AHe or she may still opt to pursue the
full common law remedy against the responsible employee, foregoing or
postponing any attempt to recover from the government.@  Id. at 358 (footnote omitted);
see also Flores, 8 S.W.3d at  788 (ALaw could have pursued a common-law
remedy against Flores, foregoing or postponing any attempt to recover from
UTHSC.  As such, section 101.106 does not restrict a well-recognized cause of
action.@).

Thomas=s rationale does not readily
translate to the post-2003 version of section 101.106 because newly added
subsection (f) Adoes not give the plaintiff the option of continuing with a
lawsuit against the governmental employee.@  Bailey v. Sanders, 261
S.W.3d 153, 159 (Tex. App.CSan Antonio 2008, pet. granted).  However, Thomas=s bottom-line holding rejecting an
open courts challenge nonetheless applies here because section 101.106(f)=s restriction is reasonable when
balanced against the statute=s purpose.








As discussed above, the 2003 amendments to section 101.106
served to narrow the issues, reduce delay, and avoid duplicative litigation
spawned by the simultaneous pursuit of alternative claims against both the
governmental employer and its governmental employee.  See Mission Consol.
Indep. Sch. Dist., 253 S.W.3d at 656-57.  Subsection (f) is one tool to
make litigants decide whether to predicate suit on allegations that Aan employee acted independently and
is thus solely liable, or acted within the general scope of his or her
employment such that the governmental unit is vicariously liable . . . .@  Id. at 657.  The harsh
result of which Hintz complains can be avoided by holding the governmental
employee who seeks dismissal under section 101.106(f) to the burden of
demonstrating that suit Acould have been brought under this chapter against the
governmental unit.@  See Phillips, 187 S.W.3d at 675-76.  An order
denying a section 101.106(f) dismissal motion can be tested immediately via
interlocutory appeal, as can an order granting or denying a plea to the
jurisdiction by a governmental unit.  See Tex. Civ. Prac. & Rem.
Code Ann. ' 51.014(a)(5), (8) (Vernon 2005); see also Phillips, 187 S.W.3d at
674-75.  An agreed interlocutory appeal provides a potential vehicle in
appropriate cases for testing whether the employee who has obtained dismissal
under subsection (f) has satisfied the burden of demonstrating that suit Acould have been brought under this
chapter against the governmental unit.@  See Tex. Civ. Prac. &
Rem. Code Ann. ' 51.014(d).

We conclude that section 101.106(f)=s restriction on suing a governmental
employee is reasonable when balanced against the statute=s purpose.  See Phillips, 187
S.W.3d at 675-76; see also Villasan, 166 S.W.3d at 766-67 (rejecting
open courts challenge to section 101.106).  Accordingly, we overrule Hintz=s fourth issue.

CONCLUSION

We affirm the trial court=s judgment.

 

/s/      William
J. Boyce

Justice

 

 

Panel consists of Chief Justice Hedges and Justices Anderson and Boyce.